**THE UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:21CR543 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHRISTIAN DORSEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Christian Dorsey's motion to compel production of certain information. Specifically, Dorsey requests that the Government be ordered to produce an internal affairs report related to Detective Jeffrey Yasenchack and provide the identities of two confidential informants.  The motion is DENIED.

Initially, the Court notes that it ordered the Government to provide the information regarding Detective Yasenchack to the Court for an *in camera* review.  The Court has reviewed the entirety of the files presented by the Government and finds no information that is subject to disclosure at this stage of the proceedings.  The documents submitted by the Government are hereby attached to this order and placed under seal to preserve them for appellate review.

With respect to identifying the confidential informants, the Supreme Court has noted:

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases, the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.

*Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)(footnotes omitted).  An *in camera* hearing is not required when the defendant fails to identify how the informant's testimony could be relevant or helpful. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985).  Dorsey bears the burden of demonstrating to the court "how disclosure of the informant would substantively assist in his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).

Dorsey asserts that disclosure is necessary because Detective Yasenchack was found to lack credibility by a state court judge and a colleague in this District.  While Dorsey is correct regarding those facts, he fails to note that both those matters involved the same defendant and that there is no indication that this was anything other than an isolated incident.  Moreover, Dorsey's assertions that the matters are "markedly similar" rely upon the simple premise that the confidential informants in both instances provided information that they had purchased drugs from the defendants.  Given the common nature of this information being obtained from confidential informants, it is hardly surprising that similar information exists in both matters.

Further, despite Dorsey's contentions to the contrary, this case does not "rise and fall" on the information provided by the confidential informants.  The affidavit in support of the search warrant details surveillance of suspected drug activity on the following dates:  November 19, 2020; November 25, 2020; November 30, 2020; December 2, 2020; March 11, 2021; March 25, 2021; April 2, 2021; and April 6, 2021.  This final date included a controlled buy performed by a confidential informant.  At this time, the informant provided a description of the seller that matched Dorsey.  Surveillance continued following the controlled buy and further suspected drug activity was observed on May 26, 2021, June 3, 2021, and June 8, 2021.  As such, evidence derived from the non-controlled buy confidential informants can hardly be said to be critical to the determination of probable cause in the matter.  Furthermore, given the abundance of information contained in the affidavit that is wholly unrelated to these informants, Dorsey has failed to establish how the identity of these informants would aid in his defense. Instead, Dorsey appears to be attempting to raise credibility issues regarding the detective without utilizing the framework required by *Franks*.  Accordingly, his motion to compel is DENIED.

IT IS SO ORDERED.


November 3, 2022                              _____/s/ Judge John R. Adams_____
                                                       JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT COURT

3